UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

JANE H.,
o/b/o KENNETH H.,

                              Plaintiff,

v.                                                      1:20-CV-1539
                                                        (WBC)
COMMISSIONER OF SOCIAL SECURITY,

                              Defendant.
_____

APPEARANCES:                                OF COUNSEL:

LAW OFFICES OF KENNETH HILLER, PLLC         KENNETH HILLER, ESQ.
  Counsel for Plaintiff
6000 North Bailey Ave, Ste. 1A
Amherst, NY 14226

U.S. SOCIAL SECURITY ADMIN.                 .
OFFICE OF REG'L GEN. COUNSEL – REGION II
  Counsel for Defendant
26 Federal Plaza – Room 3904
New York, NY 10278

William B. Mitchell Carter, U.S. Magistrate Judge,

### MEMORANDUM-DECISION and ORDER

        The parties consented, in accordance with a Standing Order, to proceed before

the undersigned.  (Dkt. No. 21.)  The court has jurisdiction over this matter pursuant to

42 U.S.C. § 405(g).  The matter is presently before the court on the parties' cross-

motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of

Civil Procedure.  For the reasons discussed below, Plaintiff's motion is denied, and the

Commissioner's motion is granted.

### I.      RELEVANT BACKGROUND

## A.    Factual Background

Claimant was born in 1974.  (T. 65.)  He completed high school.  (T. 301.)
Generally, Claimant's alleged disability consisted of depression, anxiety, bipolar
disorder, schizophrenia, lower back issues, neck issues, arthritis, learning disability,
attention deficit hyperactivity disorder ("ADHD"), and asthma.  (T. 75.)  His alleged
disability onset date is March 21, 2014.  (T. 65.)  His date last insured is December 31,
2018.  (*Id.*)  His past relevant work consisted of grounds keeper, church sexton, and
school maintenance worker.  (T. 28, 320.)  Claimant passed away in 2018.  (T. 40, 370.)
Plaintiff, Claimant's surviving spouse, filed a Notice Regarding Substitution of Party
Upon Death of Claimant.  (T. 146.)

## B.    Procedural History

On January 10, 2017, Claimant applied for a period of Disability Insurance
Benefits ("SSD") under Title II, and Supplemental Security Income ("SSI") under Title
XVI, of the Social Security Act.  (T. 65.)  Claimant's applications were initially denied,
after which he timely requested a hearing before an Administrative Law Judge ("the
ALJ").  On July 23, 2019, Plaintiff appeared before the ALJ, David Begley.  (T. 38-64.)
On August 14, 2019, ALJ Begley issued a written decision finding Plaintiff not disabled
under the Social Security Act.  (T. 12-37.)  On September 8, 2020, the Appeals Council
("AC") denied Plaintiff's request for review, rendering the ALJ's decision the final
decision of the Commissioner.  (T. 1-6.)  Thereafter, Plaintiff timely sought judicial
review in this Court.

## C.    The ALJ's Decision

Generally, in his decision, the ALJ made the following five findings of fact and conclusions of law.  (T. 17-30.)  First, the ALJ found Claimant met the insured status requirements through December 31, 2021, and had not engaged in substantial gainful activity since May 11, 2016.  (T. 17.)  Second, the ALJ found Claimant had the severe impairments of degenerative disc disease, obesity, anxiety, bipolar disorder with psychotic features, major depressive disorder, ADHD, and obsessive-compulsive disorder ("OCD").  (17-18.)  Third, the ALJ found Plaintiff did not have an impairment that meets or medically equals one of the listed impairments located in 20 C.F.R. Part 404, Subpart P, Appendix. 1.  (T. 19.)  Fourth, the ALJ found Plaintiff had the residual functional capacity ("RFC") to perform light work as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b), except no climbing of ladders, ropes, or scaffolds.  (T. 21.)[1]  In addition, the ALJ found Claimant could occasionally climb ramps and stairs, balance, stoop, and kneel, crouch, or crawl; needed to avoid concentrated exposure to hazardous machinery, unprotected heights , and open flames; was limited to simple, routine and repetitive tasks, working in a low stress job, defined as being free of fast-paced production requirements, no hazardous conditions, only occasional decision making required, and only occasional changes in the work setting; and could only have occasional interaction with coworkers and supervisors, and no direct interaction with the general public.  (*Id.*)  Fifth, the ALJ determined Claimant was unable to perform his past

---

[1]      Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time.  20 C.F.R. §§ 404.1567(b), 416.967(b).

relevant work; however, there were jobs that existed in significant numbers in the national economy Plaintiff could perform.  (T. 28-30.)

## II.     THE PARTIES' BRIEFINGS ON PLAINTIFF'S MOTION

### A.     Plaintiff's Arguments

Plaintiff makes two arguments in support of her motion for judgment on the pleadings.  First, Plaintiff argues the ALJ failed to properly weigh the opinion of Claimant's treating source under the treating physician rule.  (Dkt. No. 11 at 14-20.)  Second, and lastly, Plaintiff argues the ALJ improperly afforded great weight to the opinions of the non-examining State agency medical consultants.  (*Id.* at 21-24.)  Plaintiff also filed a reply in which she reiterated her original arguments.  (Dkt. No. 18.)

### B.     Defendant's Arguments

In response, Defendant makes two arguments.  First, Defendant argues the ALJ properly evaluated the treating source opinion evidence.  (Dkt. No. 17 at 6-11.)  Second, and lastly, Defendant argues the ALJ properly considered and weighed the opinions of the State agency physicians.  (*Id.* at 11-14.)

## III.    RELEVANT LEGAL STANDARD

### B.     Standard of Review

"The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive."  42 U.S.C. § 405(g).  The "substantial evidence" standard "means - and means only - such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019).  "[I]t is . . . a very deferential standard of review - even more so than the 'clearly erroneous' standard."  *Brault v. Soc. Sec. Admin.*, 683 F.3d 443, 448 (2d Cir.

2012).  In particular, it requires deference "to the Commissioner's resolution of

conflicting evidence."  *Cage v. Comm'r of Soc. Sec*., 692 F.3d 118, 122 (2d Cir. 2012).

It is not the Court's "function to determine *de novo* whether a plaintiff is disabled."

*Brault,* 683 F.3d. at 447.  "In determining whether the agency's findings were supported

by substantial evidence, the reviewing court is required to examine the entire record,

including contradictory evidence and evidence from which conflicting inferences can be

drawn."  *Selian v. Astrue*, 708 F.3d 409, 417 (2d Cir. 2013) (internal quotation marks

omitted).  "If evidence is susceptible to more than one rational interpretation, the

Commissioner's conclusion must be upheld."  *McIntyre v. Colvin*, 758 F.3d 146, 149 (2d

Cir. 2014). "The substantial evidence standard means once an ALJ finds facts, we can

reject those facts 'only if a reasonable factfinder would have to conclude otherwise.' "

*Brault,* 683 F.3d at 448.  The Court "require[s] that the crucial factors in any

determination be set forth with sufficient specificity to enable [the reviewing Court] to

decide whether the determination is supported by substantial evidence."  *Estrella v.*

*Berryhill*, 925 F.3d 90, 95 (2d Cir. 2019) (alterations and internal quotation marks

omitted).

### C.    Standard to Determine Disability

The Commissioner has established a five-step evaluation process to determine

whether an individual is disabled as defined by the Social Security Act.  *See* 20 C.F.R.

§§ 404.1520, 416.920.  The Supreme Court has recognized the validity of this

sequential evaluation process.  *See Bowen v. Yuckert*, 482 U.S. 137, 140-42, 107 S. Ct.

2287 (1987).  The five-step process is as follows:

> (1) whether the claimant is currently engaged in substantial gainful activity;
> (2) whether  the  claimant  has  a  severe  impairment  or  combination  of

impairments; (3) whether the impairment meets or equals the severity of the specified impairments in the Listing of Impairments; (4) based on a 'residual functional capacity' assessment, whether the claimant can perform any of his or her past relevant work despite the impairment; and (5) whether there are significant numbers of jobs in the national economy that the claimant can perform given the claimant's residual functional capacity, age, education, and work experience.

*Schillo v. Kijakazi*, 31 F.4th 64, 70 (2d Cir. 2022).

## IV.   ANALYSIS

Plaintiff argues the ALJ failed to properly weigh the opinion of treating source Joseph Gross, M.D.  (Dkt. No. 11 at 14-20.)  For the reasons outlined herein, the ALJ properly assessed Dr. Gross's opinion under the treating physician rule and substantial evidence supported the ALJ's determination.

The opinion of a treating source will be given controlling weight if it "is well supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record."  20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2)[2].  When assigning less than "controlling weight" to a treating physician's opinion, the ALJ must "explicitly consider" the four factors announced in *Burgess v. Astrue*, 537 F.3d 117 (2d Cir. 2008).  *Estrella v. Berryhill*, 925 F.3d 90, 95 (2d Cir. 2019) (internal quotation marks omitted).  Those factors, referred to as "the *Burgess* factors," are "(1) the frequen[cy], length, nature, and extent of treatment; (2) the amount of medical evidence supporting the opinion; (3) the consistency of the opinion with the remaining medical evidence; and (4) whether the

---

[2]    Effective March 27, 2017, many of the regulations cited herein have been amended, as have Social Security Rulings ("SSRs").  Nonetheless, because Plaintiff's social security application was filed before the new regulations and SSRs went into effect, the court reviews the ALJ's decision under the earlier regulations and SSRs.

physician is a specialist." *Estrella*, 925 F.3d at 95-96 (citation omitted); 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2). A reviewing court should remand for failure to consider explicitly the *Burgess* factors unless a searching review of the record shows that the ALJ has provided "good reasons" for its weight assessment. *Id.* at 96; *see Guerra v. Saul*, 778 F. App'x 75, 77 (2d Cir. 2019) ("While the ALJ here did not always explicitly consider the Burgess factors when assigning the treating physician' opinions less than controlling weight, we nonetheless conclude that the ALJ provided sufficient "good reasons" for the weight assigned.").

On July 25, 2017, Dr. Gross, a provider with Dale Association Outpatient Treatment Center, completed an employability form for the New York State Office of Temporary and Disability Assistance. (T. 910-911.) Claimant's listed medical condition was bipolar disorder. (T. 910.) Dr. Gross indicated Claimant was "very limited" in his ability to: understand and remember instructions; carry out instructions; maintain attention/concentration; make simple decisions; interact appropriately with others; maintain socially appropriate behavior without exhibiting behavior extremes; and function in a work setting at a consistent pace. (T. 911.)[3] Dr. Gross wrote that Claimant received treatment with LMSW Candy Frye. (*Id.*) When asked to describe contraindicated work activities, Dr. Gross wrote "interacting with others, high stress, fast-paced work, complex directions, [and] limited supervision." (*Id.*) Dr. Gross also wrote that Claimant experienced "significant symptoms [with] minimal progress in 13 months of treatment." (*Id.*)

---

[3]     Dr. Gross could select between the options of "no evidence of limitations, moderately limited, and very limited." (T. 911.)

As an initial matter, the ALJ's adopted Dr. Gross's specific limitations in the RFC determination except his social limitations.  The ALJ afforded Dr. Gross's opinion "some weight."  (T. 27.)  In making his determination, the ALJ acknowledged Dr. Gross as a "treating source."  (*Id.*)  However, the ALJ declined to afford the opinion controlling weight, concluding objective findings in the record were "reasonably consistent with the assessed limitation[s], except the claimant can occasionally interact with coworkers and supervisors."  (T. 27-28.)

Dr. Gross provided specific limitations on the form which further clarified the broader limitations provided in the check-box section.  Indeed, the ALJ's RFC determination limiting Claimant to simple, routine, repetitive tasks; low stress work (defined as free of fast-paced production requirements); with occasional decision making and changes is consistent with Dr. Gross's specific opinion Claimant could not perform high stress and fast-paced work, follow complex directions, and work with limited supervision.  (Compare T. 21 to 911.)  Although the ALJ did not preclude all social interactions in the RFC, the ALJ did limit Claimant to occasional interaction with coworkers and supervisors and no direct interaction with the general public.  (T. 21.)  Therefore, despite Plaintiff's argument that the ALJ failed to afford Dr. Gross's opinion controlling weight, the ALJ's RFC is wholly consistent with Dr. Gross's opined limitations except his social limitations.

First, Plaintiff specifically argues that although the ALJ noted Dr. Gross was a treating source he "otherwise failed to evaluate this factor."  (Dkt. No. 11 at 15.)  Any procedural error would be harmless because "a searching review of the record . . .

assure[s us] . . .  that the substance of the . . . rule was not traversed." *Estrella v. Berryhill*, 925 F.3d at 96 (citing *Halloran*, 362 F.3d at 32).

The ALJ did not err in his consideration of Dr. Gross as a treating source because the record contains no additional information relevant to his role as a treating provider.  To be sure, Dr. Gross completed an employability form, was a medical provider at Dale where Claimant received mental health treatment, and prescribed Claimant medication (T. 898); however, the record otherwise contains no evidence that Dr. Gross ever personally examined Claimant.  Indeed, treatment records from Dale do not contain examinations by Dr. Gross, nor do they contain any records signed by the doctor.  (T. 558-568, 570, 713-714, 788-790, 912-916)  Therefore, this is not a case in which the treating source relationship "involved dozens of appointments over nearly two years, and the doctor[] worked continuously with the patient to develop and monitor the success of various treatment plans."  *Ferraro v. Saul*, 806 F. App'x 13, 15 (2d Cir. 2020).

Next, although Plaintiff frames her augment as the ALJ's failure to apply the fact "the amount of medical evidence supporting the opinion," in substance Plaintiff asserts medical evidence in the record supports Dr. Gross's opined limitations.  (Dkt. No. 11 at 15-16);  20 C.F.R. §§ 404.1527(c)(2)(ii), 416.927(c)(2)(ii).  Plaintiff proceeds to outline evidence in the record which she asserts supports the doctor's limitations.  (*Id.*); *see Pellam v. Astrue*, 508 F. App'x 87, 91 (2d Circ. 2013) ("We think that Pellam is, in reality, attempting to characterize her claim that the ALJ's determination was not supported by substantial evidence as a legal argument in order to garner a more favorable standard of review.").

Under the substantial evidence standard of review, it is not enough for Plaintiff to merely disagree with the ALJ's weighing of the evidence or to argue that the evidence in the record could support her position.  Substantial evidence "means - and means only - such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154, 203 L. Ed. 2d 504 (2019) (citing *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229, 59 S.Ct. 206, 83 L.Ed. 126 (1938)).

Here, Plaintiff fails to show that no reasonable factfinder could have reached the ALJ's conclusions based on the evidence in record. *See Brault v. Soc. Sec. Admin., Comm'r*, 683 F.3d 443, 448 (2d Cir. 2012); *see also Wojciechowski v. Colvin,* 967 F.Supp.2d 602, 605 (N.D.N.Y. 2013) (Commissioner's findings must be sustained if supported by substantial evidence even if substantial evidence supported the plaintiff's position); *see also Jones v. Sullivan,* 949 F.2d 57, 59 (2d Cir. 1991) (reviewing courts must afford the Commissioner's determination considerable deference and cannot substitute own judgment even if it might justifiably have reached a different result upon a *de novo* review).  Indeed, as outlined above, the ALJ's RFC determination is consistent with Dr. Gross's opined limitations except his social limitations.  Therefore, the ALJ did not commit legal error in failing to explicitly apply the *Burgess* factors.

Lastly, Plaintiff argues the ALJ failed to provide "good reasons" in rejecting Dr. Gross's opined limitations.  (Dkt. No. 11 at 18.)  In support of her argument Plaintiff again outlines evidence which she contends "favored the opinion and the ALJ did not explain how the evidence was inconsistent with the opinion." (*Id*. at 19.)  Plaintiff's argument fails for the reasons previously outlined herein.  Plaintiff makes the related

argument that the ALJ failed to explain how the evidence in the record was inconsistent with Dr. Gross's opinion.  (Dkt. No. 11 at 19.)  In his discussion of Dr. Gross's opinion, the ALJ noted objective medical examinations describing Claimant as anxious, depressed, with a sad mood and affect, a hesitant and soft-spoken speech, poor insight, and borderline intellectual functioning.  (T. 27.)  The ALJ also considered medical examinations which showed Plaintiff had had generally normal findings on examination. (*Id.*)

Regarding Plaintiff's ability to interact with others, the ALJ noted that the evidence showed Plaintiff was not as limited as Dr. Gross had concluded.  (T. 27); *see Rucker v. Kijakazi*, 48 F.4th 86, 91 (2d Cir. 2022) (the ALJ failed to cite any contrary evidence of opined limitations in social functioning nor was any such evidence apparent in the record).   For example, the ALJ discussed examination findings that showed Plaintiff had a pleasant attitude, appropriate hygiene and fund of knowledge, appropriate perception, as well as coherent and logical thought process and content. (T. 27.)  Indeed, Claimant was described by providers as anxious, pleasant, calm, hesitant, soft spoken. (T. 20, 559-560.)  The consultative examiner described Claimant as cooperative and socially appropriate and opined he would have mild difficulty interacting adequately with supervisors, coworkers, and the public.  (T. 27-28, 666.)   An employability form completed by another provider at Dale indicated Claimant was "moderately limited" in his ability to interact with others.  (T. 714); *see Washburn v. Colvin*, 286 F. Supp. 3d 561, 566 (W.D.N.Y. 2017), *appeal dismissed* (Mar. 30, 2018) ("It is well settled that a limitation to unskilled work sufficiently accounts for moderate limitations in work-related functioning."); *see Whipple v. Astrue*, 479 F. App'x. 367, 370

(2d Cir. 2012) (consultative examiners' findings that plaintiff's depression caused moderate limitations in social functioning ultimately supported the ALJ's determination that plaintiff was capable of performing work that involved simple tasks and allowed for a low-stress environment).  A provider indicated Claimant did not have a mental illness that resulted in "functioning deficits likely to continue for a prolonged period."  (T. 561.)

Elsewhere in the record, the ALJ discussed Claimant's ability to interact with others which supports the ALJ's overall social RFC limitations.  (T. 20.)  The ALJ considered Claimant's allegations of difficulties getting along with others.  (*Id.*)  The ALJ considered objective findings on examination.  (*Id.*)  Lastly, the ALJ considered Claimant's reported activities.  (*Id.*)  Therefore, the ALJ properly assessed Dr. Gross's social limitations and substantial evidence supported his determination.

The ALJ has the duty to evaluate conflicts in the evidence.  *Monroe v. Comm'r of Soc. Sec.*, 676 F. App'x 5, 7 (2d Cir. 2017) ("Genuine conflicts in the medical evidence are for the Commissioner to resolve.") (quoting *Veino v. Barnhart*, 312 F.3d 578, 588 (2d Cir. 2002)).  Plaintiff may disagree with the ALJ's conclusion; however, the Court must "defer to the Commissioner's resolution of conflicting evidence" and reject the ALJ's findings "only if a reasonable factfinder would have to conclude otherwise." *Morris v. Berryhill*, 721 F. App'x 29 (2d Cir. 2018) (internal citations and quotations omitted); *Krull v. Colvin*, 669 F. App'x 31 (2d Cir. 2016) (the deferential standard of review prevents a court from reweighing evidence).  As long as substantial record evidence supports the ALJ's determination of the facts, the Court must defer to the ALJ's decision.  *See Davila-Marrero v. Apfel*, 4 F. App'x 45, 46 (2d Cir. 2001) (citing *Alston v. Sullivan*, 904 F.2d 122, 126 (2d Cir. 1990)).  As the Supreme Court stated,

"whatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high."  *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154, 203 L. Ed. 2d 504 (2019).

**ACCORDINGLY**, it is

ORDERED that Plaintiff's motion for judgment on the pleadings (Dkt. No. 11) is **<u>DENIED</u>**; and it is further

ORDERED that Defendant's motion for judgment on the pleadings (Dkt. No. 17) is **<u>GRANTED</u>**; and it is further

ORDERED that Defendant's unfavorable determination is **<u>AFFIRMED</u>**; and it is further

ORDERED that Plaintiff's Complaint (Dkt. No. 1) is **<u>DISMISSED</u>**.

Dated:      December 6, 2022

William B. Mitchell Carter
U.S. Magistrate Judge